[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

-----------------------------------------

No. 06-12235
Non-Argument Calendar

-----------------------------------------

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 11, 2007
THOMAS K. KAHN
CLERK

D.C. Docket No. 05-00156-CR-ORL-22-KRS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RICKY JEROME REDDICK, JR.,
JEFF LEWIS HOUSTON,

Defendants-Appellants.

----------------------------------------------------------------
Appeals from the United States District Court
for the Middle District of Florida
----------------------------------------------------------------

**(April 11, 2007)**

Before EDMONDSON, Chief Judge, DUBINA and CARNES, Circuit Judges.

PER CURIAM:

Defendants-Appellants Ricky Jerome Reddick, Jr. and Jeff Lewis Houston

appeal their convictions after a jury trial for conspiracy to possess with intent to

distribute 50 grams or more of cocaine base, 21 U.S.C. § 846, and possession with intent to distribute 50 grams or more of cocaine base, 21 U.S.C. § 841(a)(1), (b)(1)(A) and 18 U.S.C. § 2. No reversible error has been shown; we affirm.

During their joint trial, Reddick and Houston each moved for a judgment of acquittal at the close of the government's case. Reddick's lawyer moved "for judgment of acquittal on [Fed.R.Crim.P.] 29." When Houston's lawyer moved for a judgment of acquittal, he argued that Houston was only a spectator in the drug sale between Reddick and a confidential informant ("CI") and that Houston's participation (for which he was "paid $40 of crack cocaine") was limited to driving Reddick on the day of the drug sale. The district court denied both motions. Houston then presented a case in his defense; Reddick did not. Houston did not renew his motion for judgment of acquittal after all evidence was presented.

On appeal, Reddick asserts that the government did not prove that he joined a conspiracy with Houston because the government did not present sufficient evidence of an agreement between Reddick and Houston to possess with intent to distribute a controlled substance. Houston argues that he was a spectator to Reddick's drug transaction with the CI and that he was not involved in a conspiracy with Reddick.

2

We first address the standard used to review Reddick's and Houston's claims. Because Houston did not renew his motion for judgment of acquittal after presenting his case at trial, we will reverse his conviction only for manifest injustice. See United States v. Jones, 32 F.3d 1512, 1516 (11th Cir. 1994) (explaining that when defendant "failed to renew his motion for judgment of acquittal at the end of all of the evidence, his conviction must be affirmed unless a manifest miscarriage of justice would result" because "a defendant's decision to present his case after denial of a motion for judgment of acquittal operates as a waiver of his objection to the denial of his motion for acquittal"). "This standard requires [us to determine] that the evidence on a key element of the offense is so tenuous that a conviction would be shocking." United States v. Greer, 440 F.3d 1267, 1271 (11th Cir. 2006) (quotation omitted).

About Reddick, the government argues that -- instead of applying de novo review, as we would do for a preserved challenge to the denial of a motion for judgment of acquittal -- we should review Reddick's claim only for plain error. The government asserts that Reddick's failure to offer reasons to the district court in support of his motion did not preserve his argument for a judgment of acquittal based on insufficient evidence. Even assuming that Reddick preserved his argument, we decide, for the reasons that will be discussed, that his claim fails.

3

When we review the sufficiency of the evidence, we draw all reasonable inferences in the light most favorable to the government. United States v. Bowman, 302 F.3d 1228, 1237 (11th Cir. 2002). "To sustain a conviction for conspiracy to possess cocaine with intent to distribute, the government must prove beyond a reasonable doubt that (1) an illegal agreement existed; (2) the defendant knew of it; and (3) the defendant, with knowledge, voluntarily joined it." United States v. Hernandez, 433 F.3d 1328, 1333 (11th Cir. 2005), cert. denied, 126 S.Ct. 1635 (2006) (quotation omitted). Direct evidence of a conspiracy is not required; and the government "need prove only that [Defendant] knew the general nature and scope of the conspiracy." United States v. Pineiro, 389 F.3d 1359, 1368 (11th Cir. 2004). Participation in a conspiracy can be inferred from "a development and collocation of circumstances." United States v. McDowell, 250 F.3d 1354, 1365 (11th Cir. 2001) (citations omitted). "Although mere presence at the scene of a crime is insufficient to support a conspiracy conviction, presence nonetheless is a probative factor which the jury may consider in determining whether a defendant was a knowing and intentional participant in a criminal scheme." Id.

In this case, the government showed that a conspiracy existed between Reddick and Houston to possess 50 grams or more of cocaine base with intent to distribute. In his own car, Houston drove Reddick to pick up the CI (who had

4

offered to buy crack cocaine from Reddick), took Reddick and the CI to Reddick's home (from where Reddick left to obtain cocaine hydrochloride), and drove Reddick and the CI to the apartment where crack cocaine "cookies" were produced. In the apartment's kitchen, Reddick prepared a boiling mixture containing cocaine hydrochloride; he eventually removed the mixture from its pot and allowed it to harden. Houston later came into the kitchen; and Reddick told him, "got two more, Jeff," which Houston acknowledged. Houston observed a cookie that Reddick had laid out to dry; and Houston gathered plastic bags to prepare to package the cookies. While in the apartment, Houston put a cookie into his clothes; and he argued with Reddick about the crack cocaine Houston would receive.

Viewing the evidence in the light most favorable to the government, we conclude that a reasonable jury could find Reddick and Houston guilty of conspiracy to possess cocaine base with intent to distribute. The district court did not err in denying Reddick's and Houston's motions for judgment of acquittal on this basis.

Reddick next argues that the government offered insufficient evidence that he conspired to, and actually did, possess with intent to distribute cocaine base.

5

He contends that, at best, the government proved that he manufactured cocaine base.

"To sustain a conviction for possession of a controlled substance with intent to distribute, the government must show that a defendant knowingly possessed the controlled substance with the intent to distribute it." Hernandez, 433 F.3d at 1333 (quotation omitted). "Intent to distribute may be inferred from the amount of [the drug] involved." United States v. Sarmiento, 744 F.2d 755, 761 (11th Cir. 1984).

Here, Reddick produced 65 grams of cocaine base, which had a purchase price of $2,000. Special Agent Russell Baer of the Drug Enforcement Administration testified that a "typical user amount" of cocaine base would be .1 to .2 grams, selling in $10 to $20 increments. We conclude that sufficient evidence was presented at trial to support a finding of Reddick's possession with intent to distribute cocaine base.

We affirm Reddick's and Houston's convictions.

**AFFIRMED.**